UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**IN RE: STEPHEN THOMAS YELVERTON PRE-FILING INJUNCTION**

Case No. 1:16-mc-00772 (CRC)[1]

ORDER

By Order of this Court in Case No. 1:13-cv-1544, dated August 6, 2014, a pre-filing injunction issued against Stephen Thomas Yelverton. Due to Yelverton's "long history of vexatious and harassing filings," Mem. Op. and Order 9, In re Yelverton, No. 1:13-cv-1544, ECF No. 19, and to ensure "the orderly and expeditious administration of justice," id. (quoting Urban v. United Nations, 768 F.2d 1497, 1500 (D.C. Cir. 1985)), the Court required Yelverton to seek leave of this Court before filing any new civil action or further submissions arising out of his bankruptcy case before the United States Bankruptcy Court for the District of Columbia, Bankruptcy No. 09-00414. He now moves for leave to file an appeal of two recent decisions by the Bankruptcy Court: (1) the Order Denying Motion for Leave to File New Adversary Proceeding, ECF No. 959, and (2) the Order Denying Motion for Reconsideration of Order Denying Motion for Leave to File New Adversary Proceeding, ECF No. 970. The Court will deny the motion.

In the decisions that Yelverton seeks leave to appeal, the Bankruptcy Court rejected his motion for leave to file a complaint against Kirk Callan Smith and Hamilton P. Fox, III, Assistant Bar Counsel in the Office of Bar Counsel of the District of Columbia Court of Appeals.

---

[1] The Court has opened this case number to handle this and future motions for leave to file pursuant to the pre-filing injunction issued in case number 1:13-cv-1544. Mr. Yelverton is directed to file any future motions for leave under this caption and case number.

The proposed complaint alleged that Smith and Fox, by pursuing a disciplinary proceeding against him that resulted in his temporary suspension from the practice of law in the District of Columbia, violated 11 U.S.C. § 362(a)'s guarantee of an automatic stay of actions commenced or continued against debtors who have filed for chapter 11 bankruptcy.  The Bankruptcy Court reasoned that the "proceeding plainly fit within the exception to the automatic stay contained in 11 U.S.C. § 362(b)(4) for a proceeding by a governmental unit to enforce that entity's police or regulatory power" because, even though Smith had submitted a complaint against Yelverton to the Office of Bar Counsel that led to the disciplinary proceeding, the "proceeding was brought and prosecuted by the Office of Bar Counsel, not by Smith, and thus was a proceeding by a governmental unit."  Mem. Decision re Mot. Reconsideration Order Denying Mot. Leave File New Adversary Proceeding 2, In re Yelverton, Bankruptcy No. 09-00414, ECF No. 969.

In his Motion for Leave to Appeal and Notice of Appeal to this Court, Yelverton contends that the Office of Bar Counsel's disciplinary proceeding against him "was initiated to primarily serve the 'private interests'" of Smith and thus did not constitute a proceeding by a governmental unit.  Mot. Leave Appeal & Notice Appeal 1.  Because this argument merely reiterates the clearly frivolous arguments already rejected in two decisions by the Bankruptcy Court, Yelverton has not set forth a colorable basis for his motion to appeal those decisions, as required by this Court's pre-filing injunction.  The Court will therefore deny Yelverton's Motion for Leave to Appeal.

                                                 CHRISTOPHER R. COOPER
                                                 United States District Judge

Date:    May 19, 2016